IN THE CIRCUIT COURT
THIRD JUDICIAL CIRCUIT
MADISON COUNTY, ILLINOIS

**FILED**
APR 0 5 2007
CLERK OF CIRCUIT COURT #6
THIRD JUDICIAL CIRCUIT
MADISON COUNTY, ILLINOIS

| | |
|---|---|
| BERNARD GOWDY, )<br>)<br>   Plaintiff, )<br>)<br>Vs. )<br>)<br>NORFOLK SOUTHERN RAILWAY )<br>COMPANY )<br>   SERVE: )<br>      Richard E. Boyle )<br>      Registered Agent )<br>      5000 West Main Street )<br>      Belleville, IL 62223 | Cause #: 07L 318<br><br>JURY TRIAL DEMANDED<br><br>Received via FedEx<br>to Roger A. Petersen |

## COMPLAINT

### COUNT I

**(Federal Employers' Liability Act)**

COMES NOW the plaintiff, Bernard Gowdy, by and through his undersigned counsel, and in support of his cause of action against the defendant, states as follows:

1. That the defendant is and was at all times relevant hereto a railroad engaging in interstate commerce and was thereby subject to the Federal Employers Liability Act and the Safety Appliance Act.

2. That on or about January 12, 2007, the plaintiff, Bernard Gowdy, was engaged in the loading and unloading of railcars supplied and placed into the stream of commerce by the defendant.

EXHIBIT A

3. That the plaintiff was at the aforesaid time and place acting as an employee of railroad within the meaning of the Federal Employers Liability Act and that the plaintiff was a borrowed servant of the railroad at the time of his injury, was acting for two masters simultaneously as a dual servant, or, was a sub-servant of a company that was in turn a servant of defendant.

4. That at all times relevant hereto defendant had the right to direct and control the plaintiff in the detailed performance of his work at the time of his injuries.

5. That based upon the above, the defendant owed a duty to plaintiff and others similarly situated to act with due care for the safety of plaintiff and those similarly situated.

6. That in violation of the aforesaid duty, the defendant committed one or more of the following acts or omissions in violation of the Federal Employers Liability Act:

    a) failed to properly inspect and maintain its railcars;

    b) failed to provide adequate and sufficient traction or footing in the unenclosed area where the plaintiff was obligated to stand to perform his job duties;

    c) failed to provide sufficient handholds, grab rails, running boards, secure handholds, secure sill steps, grab irons or spray on traction in the area where plaintiff was working.

7. That as a direct and proximate result of the aforesaid, the plaintiff violently fell from the railcar in question thereby sustaining severe and permanent injury to his back, head, brain, hearing, left leg and left shoulder. Plaintiff there and then suffered severe pain and emotional distress. Plaintiff has suffered and shall continue to suffer wage losses into the future. Plaintiff incurred and may continue to incur medical bills for his treatment. Plaintiff has been severely impaired in his earning capacity and has been disfigured permanently. Plaintiff's condition is such that he may require attendant care in the future.

WHEREFORE the plaintiff prays for a Judgment in his favor for an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00) and for costs of this action.

PLAINTIFF PRAYS FOR TRIAL BY JURY OF TWELVE.

## COUNT II

### (Safety Appliance Act)

COMES NOW the plaintiff, Bernard Gowdy, by and through his undersigned counsel, and in support of his cause of action against the defendant, states as follows:

1-7. Plaintiff repeats, realleges and incorporates herein by reference Paragraphs 1-7 of Count I as Paragraphs 1-7 of this Count.

8. That the aforesaid action by the defendant was in violation of the Safety Appliance Act, 49 U.S.C. § 20302.

WHEREFORE the plaintiff prays for a Judgment in his favor for an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00) and for costs of this action.

PLAINTIFF PRAYS FOR TRIAL BY JURY OF TWELVE.

## C O U N T   I I I

### (Strict Liability)

COMES NOW the plaintiff, Bernard Gowdy, by and through his undersigned counsel, and in support of his cause of action against the defendant, states as follows:

1-2. Plaintiff repeats, realleges and incorporates herein by reference Paragraphs 1-2 of Count I as Paragraphs 1-2 of this Count.

3. That the defendant delivered the train car to plaintiff's place of employment for plaintiff and others to load and unload said cars. Defendant thereby placed said railcar into the stream of commerce as the owner, distributor or lessor of said railcars. Defendant thereby is strictly liable for any unreasonable dangerous and defective conditions in said railcars.

4. That in violation of the aforesaid obligation and duties the railcars in question were unreasonably dangerous and defective in that:

    a)    the railcars were not equipped with hand railing along the sides of the decks;

    b)    the railcars were not supplied with sufficient traction or sufficient footholds;

    c)    the railcars were not supplied with proper or adequate running boards or toe holds;

    d)    the railcars were not supplied with adequate braking systems;

    e)    the railcars were not supplied with adequate handholds or handrails;

    f)    the railcars were not supplied with sufficient bridge plates and/or bridge plate connective devices;

    g)    the railcars were not supplied with sufficient or secure grab irons or handholds or sill steps;

    h)    the railcars were not supplied with adequate or sufficient warnings to the unreasonably dangerous conditions as described above.

5.    Plaintiff repeats, realleges and incorporates herein by reference Paragraph 7 of Count I as Paragraph 5 of this Count.

WHEREFORE the plaintiff prays for a Judgment in his favor for an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00) and for costs of this action.

PLAINTIFF PRAYS FOR TRIAL BY JURY OF TWELVE.

## COUNT IV

### (Negligence)

COMES NOW the plaintiff, Bernard Gowdy, by and through his undersigned counsel, and in support of his cause of action against the defendant, states as follows:

1-2. Plaintiff repeats, realleges and incorporates herein by reference Paragraphs 1-2 of Count I as Paragraphs 1-2 of this Count.

3. That by delivering train cars to plaintiff's place of employment the railroad owed a duty to exercise ordinary care to see that said railcars were in such condition that plaintiff and others similarly situated could enter into and work upon said railcars with reasonable safety for purposes of loading or unloading.

4. That in violation of said duty defendant supplied the railcars with one or more of the unreasonably dangerous conditions thereon and/or otherwise failed to do the following:

    a) the railcars were not equipped with hand railing along the sides of the decks for use as foot rails;

    b) the railcars were not supplied with sufficient traction or sufficient footholds;

    c) the railcars were not supplied with proper or adequate running boards or toe holds;

    d) the railcars were not supplied with adequate braking systems;

    e) the railcars were not supplied with adequate handholds or handrails;

    f) the railcars were not supplied with sufficient bridge plates and/or bridge plate connective devices;

    g) the railcars were not supplied with sufficient or secure grab irons or handholds or sill steps;

  h) the railcars were not supplied with adequate or sufficient warnings to the unreasonably dangerous conditions as described herein;

  I) the railcars were not sufficiently and properly secured to prevent movement;

  j) defendant failed to properly train and/or supervise its employees to inspect for and prevent accidents such as in issue.

5. Plaintiff repeats, realleges and incorporates herein by reference Paragraph 7 of Count I as Paragraph 5 of this Count.

WHEREFORE the plaintiff prays for a Judgment in his favor for an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00) and for costs of this action.

PLAINTIFF PRAYS FOR TRIAL BY JURY OF TWELVE.

       HOLLAND, GROVES, SCHNELLER
       & STOLZE, L.L.C.

       _____
       Gerard B. Schneller - 6205863
       300 North Tucker, Suite 801
       St. Louis, Missouri 63101
       (314) 241-8111
       (314) 241-5554 (fax)

       FOX, GOLDBLATT & SINGER
       William Holland
       720 Olive Street, Suite 1901
       St. Louis, MO 63101
       (314) 231-4100
       (314) 241-5078 (fax)

       Attorneys for Plaintiff



APR 05 2007

CLERK OF CIRCUIT COURT #6
THIRD JUDICIAL CIRCUIT
MADISON COUNTY, ILLINOIS

IN THE CIRCUIT COURT
THIRD JUDICIAL CIRCUIT
MADISON COUNTY, ILLINOIS

BERNARD GOWDY, )
)
   Plaintiff, )
)
Vs. )  Cause #: 07L318
)
NORFOLK SOUTHERN RAILWAY )
COMPANY )
   SERVE: )
     Richard E. Boyle )  JURY TRIAL DEMANDED
     Registered Agent )
     5000 West Main Street )
     Belleville, IL 62223

## AFFIDAVIT

Comes now affiant and, pursuant to Supreme Court Rule 222 (b), states, under the penalties of perjury as provided by Section 1-109 of the Code of Civil Procedure, that the money damages sought by plaintiff, Bernard Gowdy, in the above-entitled cause of action do exceed $50,000.00.

Further, affiant sayeth not.

Dated this 4th day of April, 2007.


HOLLAND, GROVES, SCHNELLER
& STOLZE, L.L.C.

_____
Gerard B. Schneller - 6205863
300 North Tucker, Suite 801
St. Louis, Missouri 63101
(314) 241-8111
(314) 241-5554 (fax)

FOX, GOLDBLATT & SINGER
William Holland
720 Olive Street, Suite 1901
St. Louis, MO 63101
(314) 231-4100
(314) 241-5078 (fax)

Attorneys for Plaintiff

Subscribed and sworn to before me this 4th day of April, 2007.

_____
NOTARY PUBLIC

My commission expires _____.

TRACEY OULSON
St. Louis County
My Commission Expires
December 4, 2007

[Notary Seal - State of Missouri]

NORFOLK SOUTHERN CORPORATION AND SUBSIDIARIES NO. _____
(This form is to be used to forward served papers to the proper official)

Gundlach, Lee, Eggmann, Boyle & Roessler
5000 West Main St., Belleville, IL 62226     4/16/07
(Place and Date)

TYPE OF LEGAL PROCESS
Garnishments, attachments
tax liens, or assignments
not authorized by management,
employee's wages - NS, SRS, NW

All other process not covered
in the above

Received Fed Ep
to _____ _____
_Roger R Peterson_
4-17-07

SEND TO
Manager Payroll Accounting
Norfolk Southern Corporation
8 North Jefferson Street
Roanoke, VA 24042-0057

H. D. Light
Senior General Attorney and
General Manager - Casualty Claims
Norfolk Southern Corporation
Three Commercial Place
Norfolk, VA 23510-2191

(a) Date and hour served  April 16, 2007 at 1:45 p.m.

(b) By whom served  process server

(c) Name and title of person accepting service  Richard E. Boyle, registered agent

(d) Name of Plaintiff  Bernard Gowdy

(e) Name of Plaintiff's attorney  Gerard B. Schneller and William Holland

(f) Name of Defendant  Norfolk Southern Railway Company

(g) Name and location of Court  Madison County, Edwardsville, IL

(h) Type of suit  FELA

(i) Amount of prayer  over $50,000

(j) Answer date or hearing date  May 16, 2007

(k) If attachment for property held, describe property and provide waybill references, relevant dates and car numbers, if known _____

(l) If garnishment or other action involving wages of an employee, provide the employee's social security number, craft and work location _____

Reporting Officer
_Richard E. Boyle_      Signature
Richard E. Boyle

APR CASE 2007

STATE OF ILLINOIS
IN THE CIRCUIT COURT OF THE THIRD JUDICIAL CIRCUIT
MADISON COUNTY
(618) 692-6240
WWW.CO.MADISON.IL.US

BERNARD GOWDY
               PLAINTIFF

VS.

*Fed Ex to Roger A. Petersen*
*Roger A. Peters*
*4-17-07*

DATE: 4/05/2007

CASE No. 2007 L  000318

NORFOLK SOUTHERN RAILWAY COMPANY
SERVE: RICHARD E BOYLE
5000 WEST MAIN STREET
BELLEVILLE     IL 62223
               DEFENDANT

[APR 17 2007 NORFOLK stamp]

DEFENDANT NORFOLK SOUTHERN RAILWAY COMPANY:

    You are hereby summoned and required to file an answer in this case, or otherwise file your appearance, in the office of the Madison County Circuit Clerk, within 30 days after service of this summons, exclusive of the day of service. If you fail to do so, a judgment or decree by default may be taken against you for the relief prayed in the complaint.

    This summons must be returned by the officer or other person to whom it was given for service, with endorsement thereon of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed.

    This summons may not be served later than 30 days after its date.

    Witness: MATT MELUCCI the Clerk of said Circuit Court and the seal thereof, at Edwardsville, Illinois, this APRIL 5, 2007.



MATT MELUCCI
CLERK OF THE CIRCUIT COURT

BY: *A Bentlage*
      Deputy Clerk

========================================================================================
(Plaintiff's attorney or plaintiff if he is not represented by an attorney)

GERARD B. SCHNELLER
HOLLAND GROVES & SCHNELLER LLC
300 N TUCKER STE 801
ST LOUIS      MO 63101

Date of Service: 4/16/07 , 20 07 .
(To be inserted by officer on the copy left with the defendant or other person)

IN THE CIRCUIT COURT
FOR THE THIRD JUDICIAL CIRCUIT
MADISON COUNTY, ILLINOIS

BERNARD GOWDY
        Plaintiff(s),

VS.                        CASE NUMBER: 2007 L 000318

NORFOLK SOUTHERN RAILWAY COMPANY
        Defendant(s)



FILED
APR -5 2007
CLERK OF CIRCUIT COURT #13
THIRD JUDICIAL CIRCUIT
MADISON COUNTY, ILLINOIS

ASSIGNMENT ORDER

The above case is hereby assigned to the Honorable NICHOLAS G. BYRON for setting and disposition.

Clerk to send copies of this Order to the attorneys of record and any pro se party.

DATE: 4/05/2007

                              S/ANN CALLIS
                              Chief Judge