IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

BERNARD GOWDY,                         )
                                       )
                    Plaintiff,         )
                                       )
vs.                                    )        Case No. 07-cv-0365-MJR
                                       )
NORFOLK SOUTHERN RY CO.,               )
                                       )
                    Defendant.         )

<u>MEMORANDUM and ORDER</u>

REAGAN, District Judge:

      A.     <u>Introduction and Procedural History</u>

      On April 5, 2007, Bernard Gowdy filed a personal injury suit in the Circuit Court of Madison County, Illinois.  Gowdy's four-count complaint contains claims of negligence and strict liability as well as claims under the Federal Employers' Liability Act ("FELA"), 45 U.S.C. §§ 51-60, and the Safety Appliance Act, 49 U.S.C. § 20302.  He named a single Defendant – Norfolk Southern Railway Company.

      Gowdy was injured in January 2007 while loading and unloading railcars "placed into the stream of commerce" by Norfolk Southern.  He asserts that he was a borrowed servant of Norfolk Southern at that time or "was acting for two masters simultaneously as a dual servant, or was a subservant of a company that was in turn a servant" of Norfolk Southern (Doc. 2-2, p. 2).  Additionally, Gowdy alleges that Norfolk Southern had the right to direct and control him in the performance of his job at the time of the injury in question (*id.*).  Gowdy seeks damages for pain, suffering, emotional distress, permanent disability, medical treatment and lost wages.

      Served with the complaint on April 16, 2007 (*see* Doc. 2-2, pp. 10-11), Norfolk

Southern removed the case to this United States District Court on May 16, 2007.[1]  Removal was premised on this Court having diversity jurisdiction under 28 U.S.C. § 1332.

Norfolk then moved for summary judgment on Counts I and II, moved to dismiss Count III and part of Count IV, and obtained leave to supplement the removal notice.  On June 5, 2007, Plaintiff moved to remand the case to state court.  The Court now turns to that fully-briefed motion, since subject matter jurisdiction must be resolved before any other motions may be reviewed.

        B.     <u>Analysis of Remand Motion</u>

The central jurisdictional question is whether 28 U.S.C. § 1445(a) renders Gowdy's complaint nonremovable.  Analysis begins with the FELA statute, 45 U.S.C. §§ 51-60.   Enacted over one hundred years ago, FELA creates a tort remedy for railroad workers injured on the jobs. ***Lancaster v. Norfolk and Western Ry. Co.*, 773 F.2d 807, 812 (7th Cir. 1985)**, ***cert. denied*, 480 U.S. 945 (1987).**  FELA holds a rail carrier liable for the reasonably foreseeable negligence of its officers, agents and employees, ***id.* at 818, *citing* 45 U.S.C. § 51,** and a FELA plaintiff "can get to the jury with even slight evidence of negligence."  ***Id.***

State and federal courts enjoy concurrent subject matter jurisdiction over FELA

---

[1]      As to the date of removal, one fact bears note.  The filing fee was paid and the case was opened here on May 16, 2007.  But the actual removal notice was not electronically filed until two days later.  The Court need not decide whether May 16th or May 18th is the true removal date, as Plaintiff did not – within 30 days of removal – contest the timeliness of removal, despite an invitation to do so in this Court's May 21st Order (Doc. 12).  The law of this Circuit clearly provides that any procedural defect in removal (such as violation of the 30-day removal deadline of 28 U.S.C. § 1446) must be raised by plaintiff within 30 days of removal or is forfeited.  ***See, e.g., McMahon v. Bunn-O-Matic Corp.*, 150 F.3d 651, 653 (7th Cir. 1998); *In Re Continental Casualty*, 29 F.3d 292 (7th Cir. 1994).  *See also Illinois Mun. Retirement Fund v. Citigroup, Inc.*, 391 F.3d 844, 849 (7th Cir. 2004).**  Indeed, here Plaintiff *concedes* that removal was timely (Doc. 21, p. 1; Doc. 22, p. 1).

actions.  ***LaDuke v. Burlington Northern R. Co.*, 879 F.2d 1556, 1561 (7ᵗʰ Cir. 1989); 45 U.S.C. § 56.**  But "defendants are not allowed to defeat a FELA plaintiff's choice of a state forum by removing the action to federal court."  ***Id.***   Congress expressly provided, in 28 U.S.C. § 1445(a), that a state court civil lawsuit filed against a railroad under FELA "may not be removed to any district court of the United States."  ***LaDuke*, 879 F.2d at 1561, n.9.**

At first blush, then, it appears that § 1445 bars the removal of Gowdy's case, at least part of which involves a FELA claim.  But this assumes that Gowdy has a true FELA claim.  Norfolk Southern argues that Gowdy's claims do not fall within FELA.  Which leads to the issue hotly contested by counsel here – whether this Court can look beyond the allegations of Gowdy's complaint in determining whether subject matter jurisdiction lies and removal was proper.

Citing 1916 and 1918 Supreme Court cases (both of which are somewhat inapposite), Gowdy broadly contends  "the question of removal jurisdiction must be determined by reference to the allegations contained in the complaint" and cannot be aided by reference to any statements in the removal petition (Doc. 22, p. 2).  To the contrary, Defendants maintain that it is proper to "pierce the pleadings" in assessing the propriety of removal (Doc. 2, pp. 3-4; Doc. 30, p. 1).

On this point, both sides produce a dizzying array of non-binding precedent.  Gowdy urges consideration of an *unreported*  Eastern District of Missouri decision, ***Rea v. Norfolk Southern*, Case No. 00-cv-0116-SNL (E.D. Mo. 2000)***, plus an Eastern District of Kentucky case, ***Tucker v. CSX Transp., Inc.*, – F. Supp. 3d –, 2007 WL 293862 (E.D. Ky. 2007).**

Norfolk Southern relies on decisions from the Tenth Circuit Court of Appeals, the Fifth Circuit Court of Appeals, the Eighth Circuit Court of Appeals, and district court cases from the Central District of Illinois, the Eastern District of Louisiana, the Middle District of Louisiana

and this District.  The latter decision is the Honorable William D. Stiehl's unreported ruling in *Williams v. Riverway Co.*, 2005 WL 3299372 (S.D. Ill. 2005)(Case No. 05-cv-0710), a Jones Act case.[2]  In *Williams*, Judge Stiehl acknowledged that although Jones Act cases generally are not removable, "in certain circumstances, 'defendants may pierce the pleadings to show that the Jones Act claim has been fraudulently pleaded to prevent removal.'" *Id., quoting Lackey v. Atlantic Richfield Co.*, 990 F.2d 202, 207 (5th Cir. 1993).[3]

Seventh Circuit cases discussing motions to dismiss for lack of subject matter jurisdiction offer guidance on this issue.  Clearly, when jurisdiction is tested via a Rule 12(b)(1) motion, the district court can look beyond the allegations of the complaint "and view whatever evidence has been submitted ... to determine whether in fact subject matter jurisdiction exists." *Johnson v. Apna Ghar, Inc.*, 330 F.3d 999, 1001 (7th Cir.), *cert. denied*, 540 U.S. 984 (2003), *quoting Capitol Leasing Co. v. FDIC*, 999 F.2d 188, 191 (7th Cir. 1993).  *Accord Alicea-Hernandez v. Catholic Bishop of Chicago*, 320 F.3d 698, 701 (7th Cir. 2003)("The Court may look beyond the jurisdictional allegations of the complaint and view whatever evidence has

---

[2] Jones Act decisions are useful in analyzing FELA issues.  The Jones Act incorporates by reference the FELA standard of liability (whether "employer negligence played any part, even the slightest, in producing the injury,") and incorporates remedial provisions of FELA.  *See Cella v. U.S.*, 998 F.2d 418, 429 (7th Cir. 1993); *Gish v. CSX Transp., Inc.*, 890 F.2d 989, 992 (7th Cir. 1989).  *See also Kelley v. Sun Transp. Co.*, 900 F.2d 1027, 1031 (7th Cir. 1990)(**Jones Act extended to seamen the right of recovery against employers that railroad employees already enjoyed).**

[3] Gowdy distinguishes *Williams* (describing it as "not even remotely comparable," Doc. 31, pp. 1-2) on the ground that the plaintiff's complaint therein failed to state a proper Jones Act claim, whereas Gowdy's complaint states a FELA claim by alleging that the plaintiff was a borrowed servant of the railroad when he was injured.

been submitted on the issue....").

These cases stand for the proposition that, when either party has challenged jurisdiction, the district court has not only the right but the *duty* to "look beyond the allegations of the complaint," conduct "a careful inquiry," and "make a conclusive determination whether it has subject matter jurisdiction or not." *Hay v. Indiana State Board of Tax Commissioners*, **312 F.3d 876, 879 (7th Cir. 2002).**

Perhaps even more helpful to analysis in the case *sub judice* is *Hammond v. Terminal R.R. Ass'n of St. Louis*, **848 F.2d 95 (7th Cir. 1988),** *cert. denied*, **489 U.S. 1032 (1989),** in which the Seventh Circuit confronted a jurisdictional challenge arising in the context of a FELA lawsuit.   In *Hammond,* a railroad worker filed a state court suit under FELA, and the railroad defendant removed the case on the basis that the action was not truly a FELA action.  (The railroad insisted that the suit was, instead, a minor dispute under the Railway Labor Act).  The District Court denied the plaintiff's remand motion and dismissed the case on the merits.  The plaintiff appealed that disposition.

Judge Posner framed the initial issue as follows (*Hammond*, **858 F.2d at 96-97**):

> the anterior question is whether the suit was properly removed; for if not, the district judge had no authority to decide the case on the merits, his only choice being to remand the case to the state court in which it had been filed originally.

In answering that question, the Court declared: a "claim does not arise under the FELA merely because the plaintiff names that statute in his complaint." *Id.* **at 97.**  After noting that post-removal events/pleadings cannot defeat the right to remove a properly removable case, the Seventh Circuit clarified:  "If the original claim arose not under the FELA but under the RLA ... the district court could not be faulted for denying the motion to remand the case to state court." *Id.*

Tellingly for the inquiry at hand, the Seventh Circuit then discussed whether the allegations of the underlying complaint were "remotely sufficient to state a claim" under FELA. Ultimately, the Court answered that question in the negative, emphasizing that just as "a frivolous claim does not invoke federal jurisdiction," neither does a frivolous invocation of FELA *preclude removal* to federal court. **Hammond, 848 F.2d at 98.**

*Hammond* (and the analogous cases from the Rule 12(b)(1) context) suggest that once a party challenges subject matter jurisdiction, it <u>is</u> appropriate for the district court to look beyond the complaint and consider other evidence in ascertaining whether jurisdiction lies. Moreover, although it lacks precedential value because it was not a reported decision, another Seventh Circuit case bears note at this juncture.

In *Strykowski v. Northeast Illinois Regional Commuter R.R. Corp.,* **1994 WL 287395, \*5-6 (7th Cir. 1994),** the Court of Appeals *directed* the district court (on remand following an appeal) to "allow the parties additional opportunity to develop the record with regard to the question of our jurisdiction under § 51 of FELA." The parties were to present evidence on whether the defendant-employer was a common carrier within the meaning of FELA *and* whether the injured plaintiff was an employee of the carrier within the meaning of FELA.

The Seventh Circuit's reversal of the District Court's dismissal (a dismissal based on lack of subject matter jurisdiction) was precipitated by the judge's failure *to fully develop the record* on the two prongs supporting FELA jurisdiction under 45 U.S.C. § 51: "Because there is very little development of the record on the second prong and even less on the first, we reverse the decision of the district court and remand to allow ... the district court to conduct further proceedings as he may deem appropriate to adequately expand the jurisdictional record." **Id. at \*6.**

Of course, any such evidence examined by the district judge – although perhaps freshly produced for consideration – must have been *available* at the time of removal.  This is because subject matter jurisdiction depends on the facts that exist at that moment, and subsequent events have no relevance.  ***See, e.g., Tropp v. Western-Southern Life Ins. Co.*, 381 F.3d 591, 595 (7th Cir. 2004); *Smith v. American General Life and Accident Ins. Co., Inc.*, 337 F.3d 888, 897 (7th Cir. 2003); *Gardynski-Leschuck v. Ford Motor Co.*, 142 F.3d 955, 958 (7th Cir. 1998)("jurisdiction depends on the state of affairs when the case begins; what happens later is irrelevant").**

In ***Chase v. Shop 'N Save Warehouse Foods, Inc.,* 110 F.3d 424, 427 (7th Cir. 1997)**, the Seventh Circuit reiterated that, in determining whether the amount in controversy supported the exercise of jurisdiction, "the district court may look outside the pleadings to other evidence ... in the record," as long as that evidence "was available at the moment the petition for removal was filed."  Similarly, in ***Harmon v. OKI Systems,* 115 F.3d 477, 480 (7th Cir.),** ***cert. denied*, 522 U.S. 966 (1997),** the Seventh Circuit held: "The test should simply be whether the evidence sheds light on the situation which existed when the case was removed."

Applying those principles to jurisdictional inquiry in the instant case, the Court finds it appropriate to look beyond Gowdy's complaint and consider evidence that sheds light on the facts which existed on May 16, 2007, the date this case was removed.

FELA provides that railroad carriers engaged in commerce shall be liable to any person injured "while he is employed by such carrier" for any injury resulting in whole or part from the negligence of the officers, agents or employees of the carrier.  **45 U.S.C. § 51.**  Norfolk Southern admits that it is a railroad engaged in interstate commerce and, therefore, that its rights and liabilities

are governed by FELA.  The question is whether Gowdy was employed *by* Norfolk Southern or otherwise falls within the ambit of FELA coverage.

As to the first part of that question, Norfolk Southern has submitted evidence that Gowdy  was employed by Caliber Auto Transfer.  Gowdy listed Caliber Auto, 401 South 4ᵗʰ Street, Venice, Illinois, as his "employer" on the January 29, 2007 worker's compensation claim he filed with the Missouri Department of Labor and Industrial Relations (Doc. 2-3).  The January 13, 2007 accident report which gave rise to the worker's compensation claim likewise indicates that Gowdy is an employee of Caliber Auto Transfer (sometimes referred to as "Caliber Auto Transport" by Gowdy and listed as "CAT" on the accident report, Doc. 2-5).  But the inquiry does not end there.

It is possible for an injured worker to demonstrate that a rail carrier, while not directly employing him, still exercised such control over his employment that he should be considered "employed" by the carrier for FELA purposes.  In *Williams v. Shell Oil Co.*, **18 F.3d 396, 400 (7ᵗʰ Cir. 1994),** the Seventh Circuit drew from a United States Supreme Court case on this point, *Kelley v. Southern Pacific Co.*, **419 U.S. 318 (1974),** to list the various ways a worker can be "employed" by a carrier for FELA purposes:

> First, the employee could be serving as the borrowed servant of the railroad at the time of his injury....  Second, he could be deemed to be acting for two masters simultaneously....  Finally, he could be a subservant of a company that was in turn a servant of the railroad.

*Id.* at 400, *citing Kelley,* 419 U.S. at 324.  *Accord Warrington v. Elgin, Joliet & Eastern Ry. Co.*, 901 F.2d 88, 90 (7ᵗʰ Cir. 1990).  *See also* Restatement (Second) of Agency, §§ 226-227.

Stated another way, plaintiffs nominally employed by non-FELA entities (like Gowdy, who is employed by Caliber) may nonetheless recover from railroad companies under three circumstances:  (1) if the plaintiff is a borrowed servant of the railroad, (2) if the plaintiff works for

two employers (his own and a railroad) simultaneously, or (3) if the plaintiff's employer is a servant of the railroad, so the plaintiff is a "subservant" of the railroad. ***Larson v. CSX Transp., Inc.***, **835 N.E.2d 138, 142 (Ill. App. 2005).  *Accord Kottmeyer v. Consolidated Rail Corp.***, **424 N.E.2d 345, 351  (Ill. App. 1981).**

Critical to the analysis of both the borrowed servant and the dual servant theory is the issue of control. ***Kelley*****, 419 U.S. at 325-26.**  The control needed to establish a plaintiff's status as a railroad defendant's servant is the railroad's significant supervisory role over the means and manner of the plaintiff's job performance. ***Larson*****, 835 N.E.2d at 142.  *Accord Binz v. Brandt Const. Co., Inc.***, **301 F.3d 529, 533 (7ᵗʰ Cir. 2002)(dominant factor supporting application of loaned servant doctrine is right to control manner in which work is being completed); *Kottmeyer*****, 424 N.E.2d at 352 ("degree of control or supervision is the principal element that differentiates employees and independent contractors").**

In FELA cases involving plaintiffs nominally employed by non-railroad entities, in addition to control, other elements key to determining the existence of a master-servant relationship include whose work is being performed, who had the right to discharge the employee, who furnished the tools and the place for the work, and the existence of any agreements reflecting a borrowing arrangement between the railroad and the nominal employer. ***Larson*****, 835 N.E.2d at 143.**

Norfolk Southern asks this Court to look beyond the complaint and use a summary-judgment like process to decide whether Gowdy truly has a FELA claim (*see* Doc. 29, pp. 3-4).  The undersigned Judge has undertaken this inquiry carefully.  Ample evidence establishes that Caliber Auto Transfer was Gowdy's *nominal* employee, such as the workers' compensation claim and the accident report.  Evidence also indicates that Caliber retained the right to supervise its employees

in performing the railcar loading and unloading.  For example, an October 2001 Automobile Facility Agreement between  Norfolk Southern and Caliber provides that Caliber "is and shall remain an independent contractor ... solely responsible for" supervising each person working on the loading project (*see* Doc. 29-2, § 2.A).  The affidavit of Douglas Pickle buttresses the assertion that Norfolk Southern lacked the right to control Gowdy's actions in the day-to-day performance of his work (*see* Doc. 7-2).

From this it does not necessarily follow that Norfolk Southern did not *actually* exercise control over Gowdy's daily tasks.   And the record leaves open the possibility that *both* Norfolk Southern and Caliber substantially controlled Gowdy's work-related activities.[4]  Put simply, the evidence does not preclude the conclusion that Gowdy was a borrowed servant, a dual servant or a subservant of Norfolk Southern.

In ***Williams***, **18 F.3d at 400 (emphasis added)**, the Seventh Circuit expressed reluctance to decide such a fact-intensive question against the plaintiff/worker:

> ... the issue of whether the plaintiff was a loaned servant is a close question.  Although there is strong evidence supporting the district court's conclusion that ANCO [the non-railroad entity] was the plaintiff's sole employer, we are hesitant to conclude that as a matter of law because **it is such a fact intensive question**.

The Illinois Court of Appeals similarly held in ***Kottmeyer***, **424 N.E.2d at 373-74**:

> ... we believe the evidence was sufficient to present a jury question as to whether the plaintiff was an employee of Conrail for purposes of the Federal Employers' Liability Act.  Much of the evidence tended to show that plaintiff was the servant of a company (PTL),

---

[4]    Gowdy has tendered a document (Doc. 31-2) issued by Norfolk Southern on Norfolk Southern stationery/letterhead which certifies that Gowdy complies with the Association of American Railroads' recommended practices for motor vehicle loading and unloading.

which was in turn a servant of Conrail.  However, the case need not
depend on this relationship alone.  The evidence of direct control ...
was sufficient to establish a question as to plaintiff's employment
status which should have been presented to the jury.

Because Gowdy's complaint properly pleads all the elements of a FELA claim *and*

the record before this Court (beyond the complaint) leaves open the possibility that Gowdy has a

cognizable FELA claim, the Court cannot ignore the removal bar contained in 28 U.S.C. § 1445.

  C. <u>Conclusion</u>

Gowdy's properly pled FELA claim (taken together with the evidence appropriately

considered in this jurisdictional analysis) precludes removal of this action under 28 U.S.C. § 1445.

Because removal was not proper, this Court **GRANTS** Gowdy's motion (Doc. 21) and **REMANDS**

this case to the Circuit Court of Madison County, where the issue of his status under FELA can be

fleshed out thoroughly.

The Court **DENIES AS MOOT** Norfolk Southern's motion for leave to supplement

its response (Doc. 32), as well as the pending motions for summary judgment and dismissal (Docs.

8 and 13).

Finally, the Court **DENIES** Gowdy's request for fees and costs of removal under 28

U.S.C. § 1447, since Norfolk Southern had an objectively reasonable basis for removal.  ***See Lott***

***v. Pfizer, – F.3d –, 2007 WL 1804261 (7th Cir. June 25, 2007); Martin v. Franklin, 546 U.S. 132,***

***—, 126 S. Ct. 704, 711 (2005).***

IT IS SO ORDERED.

DATED this 2nd day of July 2007.

     s/ Michael J. Reagan   
     MICHAEL J. REAGAN
     United States District Judge